**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JUPITER LLC and
INFINITY COAL SALES, LLC,
as agent for Jupiter LLC,

          Plaintiffs,

v.                                CIVIL ACTION NO. 5:05-cv-00006

TXU PORTFOLIO MANAGEMENT COMPANY,
and TXU PORTFOLIO OPTIMIZATION
COMPANY, LLC,

          Defendants/Third-Party Plaintiffs,

v.

MASSEY COAL SALES COMPANY, INC.;
ARIZONA PUBLIC SERVICE COMPANY;
ALPHA COAL SALES CO., LLC; and
BROOKTROUT COAL, LLC,

          Third-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the third-party plaintiffs' motion for enlargement of time to file a response [Docket 67] to a motion to dismiss filed by Massey Coal Sales Co., a third-party defendant. For the reasons explained herein, the motion is **DENIED**.

On November 7, 2005, Massey Coal Sales Co. filed a motion to dismiss the third-party plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket 61]. Local Rule of Civil Procedure 4.01(c) requires that any response to a motion be filed within fourteen days from the date of service of the motion. The third-party plaintiffs failed to respond within the allotted time.

After missing the deadline, they filed a response [Docket 68] with the pending motion on December 12, 2005. They assert that the court should allow for an extension of the deadline because of excusable neglect pursuant to Federal Rule of Civil Procedure 6(b). Rule 6(b) states:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in the discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) *upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect*; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

The Supreme Court interpreted the meaning of "excusable neglect" as used in a procedural rule authorizing bankruptcy courts to accept late filings.[1] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 (1993). The Court defined "neglect" to encompass "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id*. To determine what neglect is "excusable," the Court concluded that the question is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395.

The Fourth Circuit has explained that "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996). The most important factor in determining whether a party's "neglect" is "excusable" is the party's reason for the failure to comply with the court's deadline. *Id*. In this case, the third-party

---

[1] The Court explained that the bankruptcy rule at issue was patterned after Federal Rule of Civil Procedure 6(b). *Pioneer*, 507 U.S. at 391.

plaintiffs fail to provide the court with an explanation for their asserted excusable neglect. Instead, they rely on a blanket assertion that their neglect is excusable and state that the motion to dismiss was either mislaid or misfiled. Excusable neglect, however, requires some "pardonable" explanation or reason for the failure to meet the court's deadline. *Hosp. Del Maestro v. NLRB*, 263 F.3d 173, 175 (1st Cir. 2001); *see also B&G Bldg. Maint., Inc., v. NLRB*, 2005 U.S. App. LEXIS 210, at 6–7 (4th Cir. Jan. 6, 2005) (finding no excusable neglect existed when miscommunication between lead counsel, who was on vacation, and an associate caused a filing deadline to be missed by one day).

Accordingly, the lack of any reason for the third-party plaintiffs' neglect requires this court to **DENY** the motion for enlargement of time to file a response. The court **ORDERS** the Clerk to strike entries 68 and 69 from the docket as the court cannot consider the untimely response in deciding the pending motion to dismiss.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 13, 2005

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE