# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

JUPITER LLC and
INFINITY COAL SALES, LLC,
as agent for Jupiter LLC,

      Plaintiffs,

v.              CIVIL ACTION NO.  5:05-cv-06

TXU PORTFOLIO MANAGEMENT COMPANY,
and TXU PORTFOLIO OPTIMIZATION
COMPANY, LLC,

      Defendants/Third-Party Plaintiffs,

v.

MASSEY COAL SALES COMPANY, INC.;
ARIZONA PUBLIC SERVICE COMPANY;
ALPHA COAL SALES CO., LLC; and
BROOKTROUT COAL, LLC,

      Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

  Massey Coal Sales Co., a third-party defendant, filed the pending motion to dismiss the claims asserted by the third-party plaintiffs, TXU Portfolio Management Co. and TXU Portfolio Optimization Co., for failure to state a claim upon which relief can be granted [Docket 61].  The third-party plaintiffs failed to respond within the required period.  Although the third-party plaintiffs then filed a motion for enlargement of time to file a response because of excusable neglect [Docket 67], the court denied the motion because they failed to explain the reasons why excusable neglect should be found [Docket 70].

Even though the motion to dismiss is unopposed, the court still must determine if the third-party plaintiffs have stated a claim upon which relief can be granted so not to unduly penalize TXU for their counsel's failure to adhere to the local rules. For the reasons explained herein, the motion to dismiss is **DENIED**.

*I. Background*

On September 9, 2005, Jupiter, LLC and Infinity Coal Sales, LLC (the plaintiffs) amended their Complaint against TXU [Docket 52]. In Count One, the Amended Complaint seeks a declaratory judgment that determines whether the plaintiffs or TXU breached a sales agreement that required the plaintiffs to sell and deliver coal to TXU. The coal was to be delivered by the plaintiffs on railcars provided by TXU on the CSX railroad in the Big Sandy/Kanawha railroad district. In 2004, a shortage of railcars allegedly prevented the delivery of all the coal originally contemplated by the sales agreement. (Am. Compl. ¶ 14.) The parties disagreed about how to make up the deliveries. (*Id.* ¶ 15.) According to the Amended Complaint, TXU demands $282,500 from the plaintiffs to cover the costs TXU incurred in securing additional coal. (*Id.* ¶ 16.) The plaintiffs filed the pending declaratory judgment action for a determination of the parties' rights under the sales agreement. (*Id.* ¶ 21.) Count Two of the Amended Complaint requests legal and equitable relief from TXU for breach of contract (*Id.* ¶¶ 22–24) and Count Three alleges breach of contract for unpaid invoices of $729,195.51 (*Id.* ¶ 40).

TXU filed a Third-Party Complaint against Massey Coal, Arizona Public Service Co. (APS), Alpha Coal Sales Co., and Brooktrout Coal, LLC [Docket 13].[1] In Count One, TXU alleges that Massey Coal breached a contract to purchase three trains of coal from TXU each month from January 2004 to December 2004. (Third-Party Compl. ¶ 10.) Massey Coal allegedly was required to arrange for the trains to pick up the coal it was purchasing. (*Id.* ¶ 15.) TXU claims that any breach of the sales agreement by TXU was the direct result of Massey Coal's failure to deliver the required railcars. (*Id.* ¶ 17.) Massey Coal, however, contends TXU fails to state a claim upon which relief can be granted.

*II. Rule 12(b)(6) Standard*

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be granted when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle that party to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). There is, however, no requirement that the claim properly identify the legal theory under which the plaintiff intends to proceed. *Wahi v. Charleston Area Med. Ctr.*, 2004 U.S. Dist. LEXIS 21726, at *18 (S.D. W. Va. Oct. 27, 2004). Rather, "a complaint is sufficient against a motion to dismiss, if it appears from the complaint that a plaintiff may be entitled to any form of relief." 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1219 (1990). For the purposes of this analysis, the factual allegations of the complaint will be accepted as true. *Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.*, 910 F.2d 139, 143 (4th Cir. 1990).

---

[1] This opinion does not address the claims TXU makes against any third-party defendant other than Massey Coal.

*III. Analysis*

Contrary to Massey Coal's assertions, TXU's Third-Party Complaint does state a claim upon which relief can be granted. Massey Coal claims that TXU alleges only claims for indemnification or contribution, and that these claims are not viable because TXU cannot be liable for damages to the plaintiffs. Count Two of the plaintiffs' Amended Complaint, however, asks the court potentially to award damages for TXU's breach of contract. (Am. Compl. ¶ 24.) Based upon this claim, TXU could be liable for damages, which would cause Massey Coal to be liable to TXU on a claim of indemnity/contribution assuming the facts of TXU's Third-Party Complaint are true.

TXU's Third-Party Complaint sets forth the applicable provisions of the contract between TXU and Massey Coal and explains how Massey Coal allegedly breached that agreement. TXU establishes that the cause of any breach on its own part regarding the sales agreement with the plaintiffs was caused exclusively by Massey Coal's breach of contract. The court cannot state that TXU can prove no set of facts that, if true, would entitle TXU to relief from Massey Coal.

*IV. Conclusion*

The court **FINDS** that when the facts of TXU's Third-Party Complaint are accepted as true, TXU sufficiently sets forth claims of breach of contract, contribution, and indemnification against Massey Coal. Accordingly, the court **DENIES** Massey Coal's motion to dismiss for failure to state a claim upon which relief can be granted.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                                        ENTER:      December 20, 2005

                                        JOSEPH R. GOODWIN
                                        UNITED STATES DISTRICT JUDGE