UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JUPITER HOLDINGS, LLC and
INFINITY COAL SALES, LLC,
as agent for Jupiter LLC,

        Plaintiffs,

vs.                                        CIVIL ACTION NO. 5:05-0006

TXU PORTFOLIO MANAGEMENT COMPANY, and
TXU PORTFOLIO OPTIMIZATION COMPANY, LLC,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is the parties' joint motion for a protective order governing the confidentiality of discovery materials. The motion is accompanied by a proposed protective order ("PPO").

The joint motion is, of course, unopposed. Additionally, the parties cite *Walker Systems, Inc. v. Hubbell Inc.*, 188 F.R.D. 428 (S.D. W. Va. 1999), noting the observation that "[w]here . . . information sought to be protected concerns documents that the parties in good faith believe contain trade secrets or other confidential information, and the orders are routinely agreed upon by the parties, such orders should be granted, especially in cases between direct competitors." *Id.* at 429. In that same decision, however, the court observed that "although parties to a case may not dispute the status of protected documents, the district court may not abdicate its responsibility to oversee the discovery process." *Id*. This reserved authorization is particularly appropriate in this action, where the parties have tendered an unprecedented and detailed protocol for secrecy as to documents that are described only generally. The PPO is deficient in at least two, overriding respects.

First, and most significantly, some of the provisions contained in the PPO are facially invalid when considered in light of our court of appeals' well-settled precedent on the public right of access. For example, Paragraph 2.5 of the PPO provides as follows:

> Any use of, reference to or attachment of any Confidential Information to a pleading, *motion* or other filing before any court . . . in this litigation *shall be submitted under seal of the court* in order to protect the confidential nature of the Confidential Information. Additionally, in the event any party or non-party to this action, including their respective counsel, experts, employees, officers, representatives, etc. desires to refer to, introduce or elicit or provide testimony regarding the Confidential Information *in the context of a hearing before the court, whether formal or informal, or other public setting*, the parties agree to utilize whatever steps are necessary to ensure that all parties comply with the terms, conditions, provisions, and spirit of the Protective Order, including, *but not limited to*, *placing certain portions of the hearing under seal and evacuating the courtroom* of all persons not subject to the terms, conditions and provisions of this Protective Order during periods of reference to, discussions of or testimony regarding the Confidential Information.

(Prop. Prot. Order ¶ 2.5.) This paragraph reflects a fundamental misunderstanding of the law governing public access to court records and proceedings. To provide context, the court briefly will review the law.

"Publicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." C*olumbus-America Discovery Group v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). The right of public access to court documents derives from two separate sources: the common law and the First Amendment. The common law right affords presumptive access to all judicial records and documents. *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. *Nixon*, 435 U.S. at 598–99, 602–03; *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Quoting *Knight*, our court of appeals observed recently as

follows:

> Some of the factors to be weighed in the common law balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

*Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Knight*, 743 F.2d at 235).

The First Amendment right of access has a more limited scope than the common law right, having only "been extended . . . to particular judicial records and documents." *Stone*, 855 F.2d at 180. The First Amendment right of access attaches if: (1) "the place and process have historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 8–9 (1986) (quoted in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)).

The First Amendment right of access, however, provides much greater protection to the public's right to know than the common law right. To avoid disclosure under the First Amendment right of access, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 606–07 (1982); *Press-Enterprise Co.*, 478 U.S. at 15; *Washington Post*, 386 F.3d at 573; *Stone*, 855 F.2d at 180.

Specific to summary judgment motions, which likely will be filed at some juncture, the court of appeals in *Virginia Department of State Police v. Washington Post* observed as follows:

> For example, in *Rushford* we considered the propriety of a district court's order sealing documents that were attached to a successful summary judgment motion. *Although the documents had been the subject of a pretrial discovery protective order, we observed that once the documents were made part of a dispositive motion,*

3

> *they lost their status as being "raw fruits of discovery," and that discovery, "which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court."*  After noting that summary judgment "serves as a substitute for a trial" and that we had held in a prior case that the First Amendment standard should apply to documents filed in connection with plea and sentencing hearings in criminal cases, we held that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case."
>
> Although we recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispositive motion," we stated that the district court must make that determination "*at the time it grants a summary judgment motion and not merely allow continued effect to a pretrial discovery protective order.*"  We noted that "[t]he reasons for granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents," and we remanded the case to the district court in order for it to determine under the appropriate substantive and procedural standards whether the documents should remain sealed.

*Washington Post*, 386 F.3d at 576–77 (citations omitted) (emphasis added).  The court of appeals went on to observe further as follows:

> Regardless of whether the right of access arises from the First Amendment or the common law, it "*may be abrogated only in unusual circumstances*."  When presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements.  As to the substance, the district court first "must determine the source of the right of access *with respect to each document*," because "[o]nly then can it accurately weigh the competing interests at stake."

*Id.*, 386 F.3d at 576 (citations omitted) (emphasis added).

Regarding procedures for handling sealing requests, our court of appeals has observed further as follows:

> First, the judicial officer must "state the reasons for [her] decision to seal supported by *specific findings*."  "The judicial officer may explicitly adopt the facts that the government presents to justify sealing . . . [b]ut the decision to seal must be made by the judicial officer."  Second, "the judicial officer must consider alternatives to sealing the documents. This ordinarily involves disclosing some of the documents or giving access to a redacted version."

4

>Third, a judicial officer must give notice to the public by docketing the order sealing the documents. All of these procedures "must be followed when a [judicial officer] seals judicial records or documents."

*Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 435 (4th Cir. 2005) (emphasis added) (citations omitted).

Leaving aside the patently overbroad request by the parties to bar public access to otherwise open court proceedings, *see*, *e.g.*, *Bell v. Jarvis*, 236 F.3d 149, 174 n.16 (4th Cir. 2000) (citing cases), the foregoing authorities plainly require much more in the way of a showing to achieve the parties' unprecedented, and virtually automatic, sealing of documents upon their tender to the clerk for filing.

Apart from the constitutional and common-law deficiencies in the PPO, however, it does not satisfy Rule 26(c). In support of the PPO, the parties cite Rule 26(c)(7) of the Federal Rules of Civil Procedure. They omit reference, however, to the standard employed by our court of appeals for determining whether a Rule 26(c)(7) order is appropriate. The governing standard was summarized in *In re Wilson*, 149 F.3d 249 (4th Cir.1998), as follows:

>Fed.R.Civ.P. 26(c)(7) provides that "for good cause shown," a court may enter a protective order requiring "that a trade secret ... not be revealed or be revealed only in a designated way." *To obtain a protective order under Rule 26(c), the party resisting discovery must establish that the information sought is covered by the rule and that it will be harmed by disclosure*. *See* 8 Charles Alan Wright & Richard L. Marcus, Federal Practice and Procedure § 2043, at 555-57 (2d ed.1994). If this showing is made, the party seeking the materials then must establish that the information is sufficiently necessary and relevant to his case to outweigh the harm of disclosure.

*Id.* at 252. The cited treatise notes, "As with any protective-order motion, the showing should be made *with appropriate specifics*. Any motion seeking protection on the basis of confidentiality is

*premature until such time as disclosure of a trade secret is actually requested*." 8 Wright & Marcus, § 2043 (emphasis added).

Viewed through this analytical filter, the motion and PPO are ill-conceived. Of particular note is that, despite the court's prior request for specificity, the documents proposed for secrecy are described only in very general terms. The parties again omit any real, specific showing that the information sought to be protected is covered by the Rule and that harm will result from disclosure of the information. In view of the fact discovery has been ongoing for many months, it would not seem particularly burdensome for the parties to at least furnish a log of the documents they believe will be covered by the PPO, along with the briefest of explanations outlining the nature of each. As noted by the principal commentators on the Federal Rules of Civil Procedure, and the court's prior direction to the parties, specificity is the order of the day. Second, the court lacks information concerning the necessity of the PPO at this point in time. If the secrecy request is renewed, the parties should discuss whether any of them have yet requested the disclosure of information deemed to be confidential.

Based upon the foregoing, the court **DENIES** the joint motion. If the parties seek the court's imprimatur on their document-secrecy protocol, it is incumbent upon them to tailor their request consistent with the mandates of the constitution, the common law, and the Federal Rules of Civil Procedure.

The Clerk is further **DIRECTED** to send a copy of this written opinion and order to counsel of record and any unrepresented parties.

                ENTER:     February 28, 2006

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE